SARAH DEAN, Secretary Department of Regulation and Licensing
You request my opinion as to the effect of sec. 227.09 (5), Stats., as created by ch. 414, Laws of 1975, upon hearings held by boards and examining boards included within your department. Specifically you ask:
 "Does this provision of the statutes constitute an absolute requirement that hearing examiners be used as triers of fact in all instances where one or more members of a board have been involved in the investigation of a complaint or in the decision to prosecute?"
The applicable statutory section created by ch. 414, Laws of 1975, reads in material part:
 "227.09 Hearing examiners; examination of evidence by agency.
"* * *
 "(2) In any contested case which is a class 2 or class 3 proceeding, where a majority of the officials of the agency who are to render the final decision are not present for the hearing, the hearing examiner presiding at the hearing shall prepare a proposed decision, including findings of fact, conclusions of law, order and opinion, in a form that may be adopted as the final decision in the case. The proposed decision shall be a part of the record and shall be served by the agency on all parties. Each party adversely affected by the proposed decision shall be given an opportunity to file objections to the proposed decision, briefly stating the reasons and authorities for each objection, and to *Page 53 
argue with respect to them before the officials who are to participate in the decision. The agency may direct whether such argument shall be written or oral. If an agency's decision varies in any respect from the decision of the hearing examiner, the agency's decision shall include an explanation of the basis for each variance.
"* * *
 "(5) In any class 2 proceeding, if the decision to file a complaint or otherwise commence a proceeding to impose a sanction or penalty is made by one or more of the officials of the agency, the hearing examiner shall not be an official of the agency and the procedure described in sub. (2) shall be followed."
Subsection (5), by incorporation of subsec. (2) constitutes an absolute requirement that "if the decision to file a complaint or otherwise commence a proceeding to impose a sanction or penalty is made by one or more of the officials of the agency," a hearing examiner must be used. Subsection (2), requires that the hearing examiner presiding at the hearing provide to the agency "a proposed decision, including findings of fact, conclusions of law, order and opinion, in a form that may be adopted as the final decision in the case."
It is clear then that, even though involvement of members of the agency in the decision to commence a proceeding by complaint or otherwise requires that a hearing examiner independent of the agency be used, the ultimate decision of the matter lies not with the hearing examiner but with the agency. The agency may, however, under sec. 227.09 (3) (a), Stats., "Direct that the hearing examiner's decision be the final decision of the agency."
Since the sole test under subsec. (5) is whether the agency secretary, commissioner or board member participates in the decision to prosecute, it is immaterial whether that official has or has not been involved in the investigation of the complaint. Absent personal or pecuniary bias or other special facts and circumstances which make the risk of unfairness intolerably high, mere involvement of the official in nonadversary investigative procedures does not preclude participation in a decision to impose a penalty or sanction, Withrow v. Larkin, 421 U.S. 35, 47,55-58, 95 S.Ct. 1456, 43 L.Ed.2d 712 *Page 54 
(1975). It is not clear, however, what "special facts and circumstances" will be sufficient to disqualify an agency official as an impartial decision-maker under the due process clause of the fourteenth amendment. As a practical matter, the mixing investigative and adjudicatory functions will enhance the possibility of litigation to test the question of fairness.
An agency may find it desirable, in order to avoid the appearance of partiality or bias, to have officials participating in the investigation disqualify themselves from involvement in the final decision-making process under sec. 227.09 (6), Stats. Thereafter, the procedure in sec. 227.09 (2), Stats., need not be followed, so long as a majority of the officials remaining who are to render the final decision are present for the hearing. Where an official is involved in or votes on the procedure to initiate the proceeding, however, the hearing examiner procedure in sec. 227.09 (2), Stats., must be followed, whether or not that official subsequently withdraws from the case.
BCL:WMS